IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMRO ELANSARI, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-4109 |
| : | |
| THE COMMONWEALTH OF : | |
| PENNSYLVANIA, : | |
|    Defendant. : | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                                    **AUGUST** 28 **, 2020**

Petitioner Amro Elansari filed this *pro se* civil action against the Commonwealth of Pennsylvania seeking a writ of mandamus to compel the Commonwealth to legalize marijuana and expunge criminal records of those, including himself, who have been convicted of marijuana-related crimes. He seeks leave to proceed *in forma pauperis*. The Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Petition for a Writ of Mandamus as legally frivolous for the following reasons.

**I.     FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

In 2015, Elansari was arrested for and convicted of various marijuana-related offenses in Pennsylvania. *See Commonwealth v. Elansari*, CP-14-CR-0000408-2015 (C.P. Centre). In 2018, Elansari began filing a series of lawsuits in this district, essentially all of which were dismissed outright.[2] Relevant here, on August 7, 2020, Elansari filed a civil action against the

---

[1] The following facts are taken from public dockets and Elansari's Petition for a Writ of Mandamus.

[2] *See Elansari v. Barr*, E.D. Pa. Civ. A. No.20-4000 (dismissed as frivolous); *Elansari v. Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 20-3895 (dismissed as frivolous); *Elansari v. F.B.I.*,

Commonwealth pursuant to 42 U.S.C. § 1983, in which he alleged that the Commonwealth's adoption of a medical marijuana program violated his due process and equal protection rights, apparently because he unsuccessfully defended his criminal drug charges by arguing marijuana has medicinal use. *See Elansari v. Commonwealth*, Civ. A. No. 20-3895. Elansari also took issue with the fact that the program did not permit citizens to grow their own marijuana and alleged that the prices for medical marijuana were too high. In an August 14, 2020 Memorandum and Order, the Court granted Elansari leave to proceed *in forma pauperis* and dismissed his Complaint as legally frivolous because the Commonwealth is not subject to suit under § 1983. The Court subsequently denied Elansari's request for reconsideration.

On August 18, 2020, Elansari filed the instant civil action, which repackages his prior lawsuit as a mandamus petition pursuant to 28 U.S.C. § 1361. Elansari again alleges that the Commonwealth is violating his due process and equal protection rights because it adopted a medical marijuana program in the wake of his conviction. He also takes issue with the quality of

---

E.D. Pa. Civ. A. No. 20-3593 (dismissed as frivolous); *Elansari v. Kearney*, E.D. Pa. Civ. A. No. 20-914 (dismissed as frivolous); *Elansari v. Jagex*, E.D. Pa. Civ. A. No. 20-423 (dismissing case as barred by *res judicata*); *Elansari v. Ramirez*, E.D. Pa. Civ. A. No. 19-6198 (dismissed as frivolous), *aff'd* 3d Cir. No. 20-1079 (Aug. 19 2020 Judgment); *Elansari v. Phila. Municipal Ct.*, E.D. Pa. Civ. A. No. 19-6197 (dismissed as frivolous), *aff'd* 3d Cir. No. 20-1078 (Aug. 19, 2020 Judgment); *Elansari v. Ruest*, E.D. Pa. Civ. A. No. 19-3609 (dismissed as frivolous and for failure to state a claim on screening), *aff'd* 3d Cir. No. 19-3021 (Mar. 10, 2020 Judgment); *Elansari v. Altria*, E.D. Pa. Civ. A. No. 19-3415 (complaint dismissed without prejudice for failure to state a claim on screening), *aff'd* 3d Cir. No. 19-3177 (Mar. 25, 2020 Judgment); *Elansari v. Jagex, Inc.*, E.D. Pa. Civ. A. No. 19-3006 (dismissed on screening), *aff'd* 3d Cir. No. 19-2696 (Jan. 22, 2020 Judgment); *Elansari v. Passhe*, E.D. Pa. Civ. A. No. 19-3005 (dismissed without prejudice on screening); *Elansari v. Tinder*, E.D. Pa. Civ. A. No. 19-3003 (dismissed on screening for lack of jurisdiction), *aff'd* 3d Cir. No. 19-2789 (Nov. 14, 2019 Judgment); *Elansari v. Savage*, E.D. Pa. Civ. A. No. 19-787 (dismissed on screening); *Elansari v. Univ. of Pa.*, E.D. Pa. Civ. A. No. 19-786 (dismissed on screening), *aff'd* 3d Cir. No. 19-2043 (July 17, 2019 Judgment); *Elansari v. Golf Club Apartments*, E.D. Pa. Civ. A. No. 18-4171 (dismissed for failure to prosecute).

2

the Commonwealth's program, alleging that the prices are too high "**FOR HERB NOT EVEN AS GOOD AS THE SUBSTANDARD HERB IN LEGAL STATES OR THAT CAN BE GROWN BY AN INDIVIDUAL ON THEIR OWN.**"  (ECF No. 2 at 1 (bold and capitalization in original).)  It appears Elansari would prefer to grow his own marijuana.  (*Id.* at 2.)  Elansari seeks mandamus relief directing the Commonwealth to authorize home grown marijuana as well as the expungement of all Commonwealth criminal records for marijuana possession and distribution.  (*Id.* at 6.)

## II.     STANDARD OF REVIEW

The Court grants Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Petition if, among other things, it is frivolous.  A pleading is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Elansari is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Elansari brings his Petition pursuant to 28 U.S.C. § 1361, (*see* ECF No. 2 at 1), which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  However, that statute only provides a basis for mandamus relief against federal employees or agencies, so it does not provide a basis for relief against the Commonwealth.  *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (observing that the

district court properly rejected a request for mandamus relief because, "to the extent [plaintiffs] sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories."); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (explaining that the district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"). Furthermore, "[m]andamus relief under Section 1361 is an extraordinary remedy, which should be utilized only to compel the performance of a clear non-discretionary duty, after plaintiff has exhausted all other avenues of relief," and Elansari has not met those requirements here. *Scott v. PA*, Civ. A. No. 18-0251, 2018 WL 2045507, at *2 (M.D. Pa. May 1, 2018) (rejecting mandamus request where petitioner sought vacatur of criminal sentence). There is thus no legal basis for Elansari's mandamus petition.

This is the sixteenth case Elansari has filed in this Court in a period of less than two years, and the fourth legally baseless case he has filed in less than a month. *See supra note* 2. This Court recently put Elansari "on notice that filing baseless lawsuits may result in restriction of his filing privileges, including restrictions on his ability to file *in forma pauperis*." *See Elansari v. Barr*, Civ. A. No. 20-4000, 2020 WL 4934333, at *3 (E.D. Pa. Aug. 24, 2020) (citing *Abdul-Akbar v. Watson*, 901 F.3d 329, 333 (3d Cir. 1990)). The Court repeats that warning here.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Petition for a Writ of Mandamus as legally frivolous with prejudice because amendment would be futile. An appropriate Order follows.

                                                     **BY THE COURT:**

                                                     /s/Joel H. Slomsky, J.
                                                     **JOEL H. SLOMSKY, J.**